HENRY E. PIERREPONT and Others, Respondents, *v.* SHEPARD & MORSE LUMBER COMPANY, Appellant.

*Unlawful cutting of trees — payment for the bark after its separation from the log — an action of conversion lies against a party in possession of the logs.*

Where a trespasser, after converting growing trees into logs and bark, pays the owner in part for the bark, but not for the logs, and subsequently conveys the logs to a third party, the latter obtains no title to the logs and is liable to an action for conversion brought by their true owner.

APPEAL by the defendant, the Shepard & Morse Lumber Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of St. Lawrence on the 14th day of November, 1895, upon the report of a referee.

*S. A. Beman* and *Theo. H. Swift,* for the appellant.

*John G. McIntyre,* for the respondents.

LANDON, J.:

Prior to January 1, 1892, the Shanley & Alfred Lumber Company trespassed upon the wood lands of the plaintiffs and cut thereupon a large number of standing trees, which they cut in logs, and from which they stripped the bark. They sold and delivered the logs, or the lumber which they sawed therefrom, to the defendant, a Maine corporation, which in turn sold and delivered the same to its various customers, and refused, upon the demand of the plaintiffs, to deliver the same to them or to pay them therefor.

The plaintiffs brought this action against the defendant as for the conversion of the lumber, and from the judgment awarding plaintiffs its value this appeal is taken. The Shanley & Alfred Company sold the bark to the St. Regis Tannery Company.

The only objection urged upon this appeal is that before this action was commenced the Shanley & Alfred Company, or J. W. Shanley acting in its behalf, settled with the plaintiffs for the trespass and conversion, and accepted a contract satisfaction therefor, and thus confirmed the title which the Shanley & Alfred Company assumed to give to the defendant upon the sale to it of the logs and lumber.

The referee, before whom the case was tried, found in substance that no such settlement was made; that J. W. Shanley, acting for the Shanley & Alfred Company, agreed with the plaintiffs to make it, but never did so.

The defendant urges that the undisputed evidence shows that the settlement was made and a payment of $633.15 was made to the plaintiffs in part execution of it, and that, therefore, the plaintiffs' remedy is upon the contract with Shanley, and not against the defendant.

We have examined the evidence contained in the record touching this question, and we think that the referee was right in his finding.

Without going into the details of the transactions between the plaintiffs and Shanley, which embrace complications growing out of contracts respecting other wood lands adjoining those trespassed upon, as mentioned above, it will be sufficient to state that, prior to the trespasses, Shanley proposed to buy the land subsequently trespassed upon, and agreed with the plaintiffs upon the price and terms of payment. The plaintiffs prepared and signed a contract accord-

ingly, but Shanley never executed it, nor paid the cash installment required by it.

Afterwards, and about January 1, 1892, the plaintiffs discovered that the Shanley & Alfred Company had committed the trespass upon the land, and was then engaged in delivering the bark taken from the plaintiffs' lands to the St. Regis Tannery Company, and was also delivering the logs or lumber therefrom to the defendant. The plaintiffs demanded satisfaction of the Shanley & Alfred Company, not only for the trespass and conversion, but also on account of their other contracts with Shanley, upon which he had defaulted.

Shanley again proposed to buy the lands trespassed upon. The plaintiffs were willing to sell them, but wanted guaranty of payment for the bark and logs converted by the Shanley & Alfred Company, and also for the security upon their existing land contracts. Shanley, in addition to mortgage security which he promised to give upon the old contracts, agreed to pay plaintiffs $1,000 cash in ten days and give them the St. Regis Tannery Company's guaranty for $700, to be paid as soon as bark to that amount should be delivered. He did not pay any part of the $1,000, but on January 30, 1892, he gave the plaintiffs the Shanley & Alfred Company's order on the St. Regis Company for $1,700, " due us on bark. Payable when bark from Christian and Brabon's jobs is delivered." This was the bark from plaintiffs' lands. Upon this order the plaintiffs ultimately received $633.15, and no more. Meantime the Shanley & Alfred Company had so mingled the logs taken from plaintiffs' land with their other logs that they could not be identified. On February 25, 1892, Shanley agreed with the plaintiffs to procure and deliver to them the defendant's guaranty for the payment to plaintiffs of $1,500 for stumpage, upon receipt of which, and the performance by Shanley of his promises in respect to the existing land contracts, the plaintiffs agreed to give him the contract for the sale of the lands trespassed upon, the parties understanding that the latter contract, when delivered, would discharge plaintiffs' claims upon account of the trespass and conversion. Shanley never procured the defendant's guaranty for the $1,500, and never made any payment to plaintiffs of any part of it, and never received, or became entitled to receive, the contract for the sale of the lands trespassed upon.

The case stands thus: The Shanley & Alfred Company wrongfully converted plaintiffs' growing trees into logs and bark. The company satisfied the plaintiffs, in part at least, for the bark, and promised to satisfy them for the logs, but never did so. The original wrong thus was never satisfied or condoned. The Shanley & Alfred Company never had any title to the logs, and, therefore, had none to give to the defendant. (*Silsbury* v. *McCoon*, 3 N. Y. 379.) The plaintiffs were willing for a consideration in hand to ratify the title which the Shanley & Alfred Company assumed to confer upon the defendant, and not otherwise; they never received the consideration and never ratified the title. The defendant was, therefore, guilty of a conversion of the plaintiffs' property. (*Pease* v. *Smith*, 61 N. Y. 477; *Hughes* v. *United Pipe Lines*, 119 id. 423.)

The satisfaction which plaintiffs accepted on account of the bark goes no further than the bark, since at that time the bark was separated from the logs, and was an article of merchandise distinct from the logs. Payment for the bark by the party who was liable to be sued by the plaintiffs for it is no defense to another party when sued by the plaintiffs for something else.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.